## A92A0504. McGUIRE v. THE STATE.

### (418 SE2d 464)

JOHNSON, Judge.

Jonathan McGuire (McGuire) was found guilty by a jury of two counts of armed robbery, attempting to elude police, obstruction of police, reckless driving and driving with a suspended license. McGuire appeals from his conviction and the denial of his motion for a new trial.

McGuire's sole enumeration of error as to all the charges is that there was insufficient evidence at trial to support the guilty verdict. McGuire contends that the State's evidence was entirely circumstantial and did not exclude his reasonable hypothesis as to the facts.

1. We first note that as to the charges of attempting to elude police, obstruction of police, reckless driving and driving with a suspended license, the State's case was not entirely circumstantial. It is clear from a review of the record on appeal that the evidence, taken in the light most favorable to the jury's determination, supports the verdict of guilty on these charges. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. As to the two counts of armed robbery, the State's case was entirely circumstantial. McGuire's argument, however, is without merit.

"[I]t is well settled that in an entirely circumstantial case, the question whether there is a reasonable hypothesis favorable to the accused is the jury's province. Questions as to reasonableness are generally to be decided by the jury which heard the evidence, and finds beyond a reasonable doubt that there is no reasonable hypothesis other than guilt. The appellate court will not disturb that finding, unless the verdict of guilty is insupportable as a matter of law. [Cits.] The appellate courts have no yardstick by which to ordinarily determine what in a given case is a reasonable hypothesis, save the opinion of 12 jurors of rational mind. [Cit.] Moreover, in every case the jury is the arbiter of credibility including as to the defendant's explanation, and the jury is the body which resolves conflicting evidence, and where the jury has done so, the appellate court cannot merely substitute its judgment for that of the jury. [Cit.]" *Adams v. State*, 187 Ga. App. 340, 344 (1) (370 SE2d 197) (1988).

In the instant case, the State presented three eyewitnesses to the robberies who testified that McGuire is the same height and build as the masked robber. Those same witnesses also identified a mask and two guns belonging to McGuire as being those used by the robber. Two of these witnesses further identified a pair of pants and a jacket found near McGuire's abandoned car immediately after the robbery as those worn by the robber.

The state also presented two police officers who identified Mc-

Guire as the person they saw fleeing from the scene of the crime. One officer testified that he saw McGuire driving from the robbery scene and radioed for his backup to follow McGuire. The backup officer testified that he chased McGuire until he pulled over and fled on foot. Both officers were certain about their identifications of McGuire.

McGuire testified that about 20 minutes before the robberies in question occurred, he gave a ride to a man he recognized. McGuire claimed that man used a gun to rob him of money, jewelry and his car. McGuire said that after the man forced him out of his car, he ran through some woods for approximately two hours before arriving at his girl friend's mobile home.

The jury in the instant case heard all of the evidence, including McGuire's explanation, and decided there is no reasonable hypothesis other than McGuire's guilt. "The finding is not insupportable as a matter of law, nor is it outside the proven facts." *Adams v. State*, supra. Accordingly, reviewing the evidence in the light most favorable to the jury's verdict, we conclude that a rational trier of fact could have found McGuire guilty beyond a reasonable doubt. *Jackson v. Virginia*, supra.

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED MAY 4, 1992.

*J. Michael Mullis*, for appellant.
*Harry N. Gordon, District Attorney*, for appellee.